IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FREDERICK CARTER | § | |
| VS. | § | CIVIL ACTION NO. 9:19-CV-163 |
| RYAN BOYD | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Frederick Carter, an inmate formerly confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Ryan Boyd.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

This case was severed from Civil Action Number 9:17cv30 on September 13, 2019. Plaintiff asserts an excessive use of force claim against Defendant Boyd that occurred on May 14, 2017. Plaintiff contends Defendant Boyd slammed his hand in the "bean slot" when Plaintiff attempted, for the first time, to "jack the slot." Plaintiff states his hand was severely injured and he immediately requested medical attention. Defendant Boyd, according to Plaintiff, told Plaintiff to "shut up nigger" and placed a plexiglass shield over Plaintiff's cell door. Plaintiff also alleges the Defendant failed to feed him that day and failed to report the incident. Supplemental Complaint, pg. 8 (doc. # 2). It is unclear in what capacity Plaintiff is suing Defendant Boyd. The undersigned presumes

Plaintiff sues him in both his individual and official capacities. Plaintiff seeks money damages, a change and revamp of the TDCJ grievance process, a use of force assessment, replacement of all his property, and an investigation.

Defendant Boyd was ordered to answer or otherwise plead (doc. # ). Defendant Boyd filed an Answer and then a Motion for Summary Judgment on October 30, 2019 (docket #s 5 & 10). Plaintiff filed a Rebuttal to the Motion for Summary Judgment on December 17, 2019 (doc. #s 11, 12, 14, 15 & 18).

Defendant Boyd asserts Plaintiff failed to exhaust his administrative remedies. Specifically, Defendant Boyd states that the relevant portion of Plaintiff's grievance records demonstrate that Plaintiff failed to file any grievance relating to this incident with Defendant Boyd. Defendant's Motion for Summary Judgment, Exhibit A. In response, Plaintiff contends the Polunsky Grievance process "failed this plaintiff tremendously." Plaintiff states that "after all of the trouble with this Polunsky Grievance Office," he has started making hand copies of his grievances and alleges he turned in a grievance complaining about the incident with Defendant Boyd on May 19, 2019. *Id.*; Sworn Affidavit, pg. 2 (doc. # 12). Plaintiff also states that although they were never filed, and although the 15 day time period to file the grievances had expired, he did not file any more grievances about this incident. Sworn Affidavit, pg. 2 (doc. # 12).

<u>Standard of Review</u>

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23; *ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). Furthermore, there must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," unsubstantiated assertions, or the presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts. *See, e.g. Lujan v. National Wildlife Federation*, 497 U.S. 871, 902; *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Analysis

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies *prior* to filing suit under 42 U.S.C. § 1983 or "any other Federal law." Accordingly, state prisoners filing suit under 42 U.S.C. § 1983 must first exhaust inmate grievance procedures prior to instituting a § 1983 suit. *See, e.g.*, *Porter v. Nussel*, 534 U.S. 516, 524 (2002) (exhaustion requirement applies to all inmate suits about prison life); *Schipke v. Van Buren*, 239 F. App'x 85, 86, 2007 WL 2491065 (5th Cir. August 30, 2007) (not designated for publication) (exhaustion requirement applies to *Bivens* action); *Rourke v. Thompson*, 11 F.3d 47, 50 (5th Cir. 1993) (exhaustion requirement applied to petition seeking only injunctive relief). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 F. App'x 752, 755, 2008 WL 118365 (5th Cir. Jan. 14, 2008) (not designated for publication) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 855 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't.*, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules") (not designated for publication). "Indeed a prisoner must exhaust administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85.

The Texas Department of Criminal Justice, Correctional Institutions Division, has a two-step grievance procedure available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). Step 1 of the grievance procedure involves the prisoner submitting a grievance to the unit grievance

coordinator. The unit grievance coordinator then investigates the grievance, collects documents and other evidence, interviews witnesses, drafts an investigation report of findings, and prepares a recommendation for the review of the decision maker. The authorized decision maker for a Step 1 grievance is the unit warden or assistant warden. *Id*.

Step 2 of the grievance procedure involves the prisoner submitting an appeal to the division grievance investigator at prison headquarters. The division grievance investigator then investigates the grievance, collects documents and other evidence, interviews witnesses, drafts an investigation report of findings and prepares a recommendation for the review of the decision maker. The decision maker for a Step 2 grievance is the regional director or assistant director. *Id*.

The grievance procedure takes approximately ninety days to exhaust. Prisoners are allowed fifteen days to file a Step 1 grievance. The first response is due forty days from receipt of the grievance. The prisoner than has ten days to appeal the Step 1 grievance by filing a Step 2 grievance. Prison officials involved with Step 2 grievances have forty days from receipt of the grievance to complete the investigation and respond to the grievance. *Id.* The prisoner must pursue the grievance through both steps for his claim to be exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Schipke*, 239 F. App'x at 86 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id*.

As previously stated, Defendant Boyd argues Plaintiff failed to file a step 1 and a step 2 grievance relating to the incident at issue. Defendant Boyd relies on relevant portions of Plaintiff's grievance records from January 1, 2017 to December 31, 2017 as summary judgment evidence. Exhibit A (doc. #s 10-1 through 10-5). According to Defendant Boyd, Plaintiff alleges the injury occurred on May 14, 2017 which would require him to file a step 1 grievance on or before May 29, 2017. The competent summary judgment evidence shows that no step 1 or step 2 grievance was processed by TDCJ relating to this incident. *Id*.

The competent summary judgment evidence also shows that Plaintiff filed numerous grievances from January 1, 2017 to December 31, 2017 that were, in fact, processed. *See generally*, Exhibit A. Notably, Plaintiff complained in some processed grievances regarding the Polunsky Unit's failure to process his grievances. Exhibit A, pgs. 7-10 (doc. # 10-1). In particular, on June 29, July 10 and July 18, 2017, Plaintiff complains about missing I-60s and grievances. *Id*., pgs. 9-12 (doc. # 10-1); pgs. 11-14 (doc. # 10-3).[1] Plaintiff also complained on August 2, 2017 about the Central Grievance Office's failure to respond to his formal complaint about multiple grievances being lost or unanswered. *Id*., pgs. 7-8. However, there is no specific complaint regarding a missing grievance or I-60 relating to the May 14, 2017 incident. *Id*.[2]

In addition, the competent summary judgment evidence shows a step 1 and step 2 grievance were processed regarding a May 13, 2017 use of force in which Plaintiff states Lieutenant Newberry threw away plaintiff's prisoner identification badge after a use of force. *Id*., pgs. 3- 6 (doc. # 10-3). There is no mention of Defendant Boyd or the incident relating to Plaintiff "jacking the slot." *Id*.

---

[1] Plaintiff complains of missing I-60s from 2017 for the following dates: January 5, 2017, March 2, 2017, March 6, 2017, March 13, 2017, March 17, 2017, March 28, 2017, June 1, 2017, June 8, 2017, June 24, 2017, July 3, 2017 and July 11, 2017. Plaintiff complains of missing grievances from 2017 for the following dates: April 12, 2017, April 24, 2017, June 1, 2017 and June 8, 2017. *Id*.

[2] Plaintiff complains of missing grievances dated April 12, 2017, April 24, 2017 and June 8, 2017.

Another set of step 1 and step 2 grievances were processed regarding the May 13, 2017 use of force where Plaintiff alleges the medical treatment was inadequate. *Id.*, pgs. 5-8 (doc. # 10-5). Again, there is no mention of Defendant Boyd or the incident relating to plaintiff "jacking the slot." *Id.*

As outlined above, Plaintiff argues in response that the Polunsky Unit grievance process hindered and hampered his ability to exhaust his administrative remedies (doc. # 11). Because of these issues, Plaintiff asserts he began making hand copies of all of his grievances. Plaintiff states he did, in fact, turn in a grievance relating to the incident with Defendant Boyd. *Id.*, pg. 2; Sworn Affidavit, p. 2 (doc. # 12). Plaintiff attaches a handwritten copy of a step 1 complaint dated May 21, 2017 that complains of the May 13, 2017 Newberry incident, the May 14, 2017 incident with Defendant Boyd and a May 15, 2017 incident with property officer May. *Id.*, pgs.10-11; *see also* Response, pg. 1 (doc. # ). Plaintiff argues he was clearly hindered in exhausting his administrative remedies as he received no response from the grievance department to his step 1 grievance and thus "could not proceed and exhaust his remedies." Response, pg. 3; Sworn Affidavit, pg. 2 (doc. # 12).

Crediting Plaintiff's sworn affidavit as competent summary judgment evidence as required and accepting Plaintiff's assertion that he properly filed his step 1 grievance, Plaintiff has still failed to show that a genuine issue of material fact remains as to proper exhaustion of administrative remedies. *Cantwell v. Sterling*, 788 F.3d 507 (5th Cir. 2015) (error for district court to dismiss as conclusory plaintiff's testimony that he filed a step 1 grievance and received no response; plaintiff's sworn affidavit must be credited on summary judgment). Fifth Circuit case precedent states "that the requirement that a prisoner pursues the grievance remedy to conclusion ' does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process. Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process.'" *Cantwell v. Sterling*, 2016 WL 7971768, *5

(W.D. Tex. May 18, 2016) (citing *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998)). Although Plaintiff's step 1 grievance went unanswered, under the law of this Circuit, Plaintiff was nevertheless required to file a step 2 grievance in the exhaustion process before filing suit. Thus, once the time period expired for TDCJ to file a response, Plaintiff's step 1 grievance was considered exhausted and he was required to file a step 2 grievance. It is undisputed from Plaintiff's sworn affidavit that he did not file a step 2 grievance. As such, Plaintiff has failed to properly exhaust his administrative remedies. *Cantwell*, 2016 WL 7971768, * 5 (W.D. Tex. May 18, 2016) (citing *Underwood*, 151 F.3d 292-295; *Hicks v. Lingle*, 370 F. App'x 497, 499 (5th Cir. 2010); *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015))). To the extent Plaintiff claims he could not file a step 2 grievance without a copy of the completed and answered step 1 grievance, Plaintiff's remedy in that situation was to either request a copy of the completed and answered step 1 from the grievance department if one existed or file another step 1 grievance. Plaintiff, again, concedes he never attempted to file a step 2 or another step 1 grievance. The competent summary judgment evidence demonstrates Plaintiff failed to exhaust his administrative remedies. As there is no genuine dispute of a material fact, Defendant Boyd's motion for summary judgment should be granted.

## Recommendation

Defendant Boyd's Motion for Summary Judgment for failure to exhaust administrative remedies should be granted.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 15th day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge